FILED IN OPEN COURT
ON 12-12-2018
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JAA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-200-BO-1
NO. 7:18-CR-200-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| JONG WHAN KIM | ) | |
| TAMMY THOMPSON | ) | |

The Grand Jury charges that:

## COUNT ONE

Beginning in or about October 2017, and continuing up to and including on or about June 29, 2018, in the Eastern District of North Carolina, and elsewhere, the defendants, JONG WHAN KIM, and TAMMY THOMPSON did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a quantity of Oxycodone and a quantity of OxyContin, Schedule II controlled substances, and a quantity of Hydrocodone, a Schedule III controlled substance, a quantity of Alprazolam (Xanax), a Schedule IV controlled substance and a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

1

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about February 27, 2018, in the Eastern District of North Carolina, the defendant, JONG WHAN KIM, did knowingly and intentionally distribute a quantity of Oxycodone, a Schedule II controlled substance, and a quantity of Alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about March 28, 2018, in the Eastern District of North Carolina, the defendant, JONG WHAN KIM, did knowingly and intentionally distribute a quantity of Oxycodone, a Schedule II controlled substance and a quantity of OxyContin, a Schedule II controlled substance, and a quantity of Alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

On or about April 12, 2018, in the Eastern District of North Carolina, the defendant, TAMMY THOMPSON, did knowingly and intentionally distribute a quantity of Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

On or about April 16, 2018, in the Eastern District of North Carolina, the defendant, TAMMY THOMPSON, did knowingly and intentionally distribute a quantity of Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about April 23, 2018, in the Eastern District of North Carolina, the defendant, TAMMY THOMPSON, did knowingly and intentionally distribute a quantity of Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

On or about April 25, 2018, in the Eastern District of North Carolina, the defendant, JONG WHAN KIM and TAMMY THOMPSON, aiding and abetting each other did knowingly and intentionally distribute a quantity of Oxycodone and a quantity of OxyContin, Schedule II controlled substances, and a quantity of Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHT

On or about April 27, 2018, in the Eastern District of North Carolina, the defendant, TAMMY THOMPSON, did knowingly and intentionally distribute a

quantity of Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

On or about May 23, 2018, in the Eastern District of North Carolina, the defendants, JONG WHAN KIM and TAMMY THOMPSON, aiding and abetting each other, did knowingly and intentionally distribute a quantity of Oxycodone and a quantity of OxyContin, Schedule II controlled substances, and a quantity of Alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about June 7, 2018, in the Eastern District of North Carolina, the defendant, TAMMY THOMPSON, did knowingly and intentionally distribute a quantity of Hydrocodone, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT ELEVEN

On or about June 27, 2018, in the Eastern District of North Carolina, the defendant, JONG WHAN KIM and TAMMY THOMPSON, aiding and abetting each other, did knowingly and intentionally distribute a quantity of Oxycodone and a quantity of OxyContin, Schedule II controlled substances, and a quantity of

Alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TWELVE

On or about June 27, 2018, in the Eastern District of North Carolina, the defendant, JONG WHAN KIM, at a time separate and apart from that alleged in count Eleven, did knowingly and intentionally distribute a quantity of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTEEN

On or about June 28, 2018, in the Eastern District of North Carolina, the defendant, JONG WHAN KIM and TAMMY THOMPSON, aiding and abetting each other, did knowingly and intentionally distribute a quantity of Hydrocodone, a Schedule III controlled substance, and a quantity of Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

The defendant(s) JONG WHAN KIM and TAMMY THOMPSON are given notice of the provisions of Title 21, United States Code, Section 853, that all of their interest in all property specified herein is subject to forfeiture.

Upon conviction of the offense(s) set forth in Count(s) One through Thirteen, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense(s).

The forfeitable property includes, but is not limited to, the following:

1. Real property having a physical address of 8100 Twisted Hickory Road, Bladenboro, North Carolina 28320 including any and all appurtenances and improvements thereto, said property legally described in a General Warranty Deed recorded in Book 497 Page 666 of the Bladen County, North Carolina Register of Deeds.

2. Real property having a physical address of 211 East Fifth Street, Tabor City, North Carolina 2462 including any and all appurtenances and improvements thereto, said property legally described in a General Warranty Deed recorded in Book 1171 Page 299 of the Columbus County, North Carolina Register of Deeds.

3. Real property having the physical address of 303 Stake Road, Tabor City, North Carolina 28463, including any and all appurtenances and improvements thereto, said property legally described in a General

Warranty Deed recorded in Book 1174 Page 624 of the Columbus County, North Carolina Register of Deeds.

4. A 2012 Mini Cooper automobile VIN# WMWSU3C50CT369821.

5. Funds in the amount of at least $55,934.54, which had been on deposit in Account #110017548 at Anderson Brother Bank.

6. The gross proceeds personally obtained by defendant Jong Whan Kim, in an amount of at least $222, 769;

If any of the above-described forfeitable property, as a result of any act or omission the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

[Remainder of this page intentionally left blank]

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 12 DEC 2018

ROBERT J. HIGDON, Jr.
United States Attorney

T SEVERO
BY: TIMOTHY M. SEVERO
Assistant United States Attorney

BY: F. MURPHY AVERITT III
Special Assistant United States Attorney

8